United States District Court
Southern District of Texas

**ENTERED**

August 06, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBINO BONIFACIO MERINO MACHUCA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-855 |
| | § | |
| CARLOS CISNEROS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Albino Bonifacio Merino Machuca is currently detailed by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. He acknowledges that he is subject to a final order of removal, but through a Motion for Temporary Restraining Order (Doc. 2), he requests that the Court order his immediate release and enjoin his removal.

Petitioner alleges that his wife applied for relief from removal for herself as a victim of trafficking, otherwise known as T Nonimmigrant Status, and that she included Petitioner as a derivative beneficiary. (*See* Motion, Doc. 2, ¶¶ 5, 14) But he also concedes that United States Customs and Immigration Services had not found the application bona fide, although "a full eligibility review" remains pending. (*Id.*, ¶ 14) Petitioner requested a stay of removal based on the pending derivative T nonimmigrant status application, but Respondents denied the request. (*Id.*, ¶ 18)

"Injunctive relief is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (cleaned up). To be entitled to a temporary restraining order, "the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs

the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) (concerning a preliminary injunction); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (noting that the party seeking injunctive relief must meet all four factors "before a temporary restraining order or preliminary injunction can be granted").

Here, Petitioner has not demonstrated a likelihood of success on the merits of his Petition. "The filing of an Application for T Nonimmigrant Status has no effect on DHS authority or discretion to execute a final order of removal, although the applicant may request an administrative stay of removal pursuant to 8 CFR 241.6(a)." 8 C.F.R. § 214.204(b)(2)(i). Petitioner sought a stay of removal, but did not succeed.  In his Motion, he cites no authority authorizing this Court to review the discretionary decision to deny the request for a stay of removal, or to independently enjoin his removal based on the pending derivative T nonimmigrant status application.  The Court is aware of no such authority.

Accordingly, it is:

**ORDERED** that Petitioner Albino Bonifacio Merino Machuca's Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

Signed on August 6, 2026.

Fernando Rodriguez, Jr.
United States District Judge